UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20307-CR-MARTINEZ/AOR

UNITED STATES OF AMERICA,

v.

TORIVIS REGINALD INGRAM,

      Defendant.
_____/

## REPORT AND RECOMMENDATION RE: INVESTIGATIVE FEES

THIS CAUSE came before the undersigned for Report and Recommendation on the appropriateness of the Voucher for Investigative Services (hereafter, "Investigative Voucher") submitted by Defendant Torivis Reginald Ingram's ("Defendant") Investigator Uptown Investigative Agency, Inc. ("Uptown"), pursuant to an Order of Reference issued by the Honorable Jose E. Martinez, United States District Judge under Title 28, United States Code, Section 636 [D.E. 879]. The undersigned held an ex parte sealed hearing on this matter, attended by Uptown's representative.

By Order dated August 6, 2018, the Court approved the following Investigative Services Budget for Defendant: 1,839 hours at the rate of $60 per hour for a total amount of $110,340.00. See Order [D.E. 627].

In its Investigative Voucher, Uptown seeks compensation in the amount of $111,840.00, representing 1,864 hours at the rate $60 per hour. This amount exceeds the approved budget amount. At the ex parte hearing, Uptown's representative provided a detailed explanation of the various tasks that were undertaken in rendering these investigative services. Having reviewed the Investigative Voucher and having heard the explanations regarding the nature of the services

rendered, the undersigned concludes that compensation is appropriate at the approved budget amount.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Uptown's Investigative Voucher be APPROVED in the amount of $110,340.00.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 23rd day of January, 2019.

                                                     _____
                                                     ALICIA M. OTAZO-REYES
                                                     UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Jose E. Martinez
       Counsel of Record